**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **BRIAN TULLY,** | ) |
| **#Y27811,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Case No. 19−cv−00820−NJR** |
| | ) |
| **WEXFORD HEALTH SOURCE,** | ) |
| **DR. PITTMAN, and** | ) |
| **JOHN BALDWIN,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Brian Tully, an inmate of the Illinois Department of Corrections ("IDOC"), who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Tully claims that Defendants have provided him inadequate medical treatment regarding a shoulder injury he sustained prior to incarceration. He seeks monetary damages and injunctive relief in the form of shoulder replacement surgery.

The Court must review the Complaint under 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Tully makes the following allegations in the Complaint (Doc. 1): Prior to incarceration,

he received partial shoulder surgery in February 2017. Two months following surgery, he reinjured the shoulder and visited a specialist who recommended that the shoulder be replaced. Because he was arrested later that same month, Tully did not receive the surgery. Upon admission to Lawrence, he notified medical staff of increased pain and reduced mobility in his shoulder. He was referred to an outside doctor who told him that he was going to receive shoulder replacement. Dr. Ritz, who is employed by Wexford Health Sources, approved the recommendation, but as of March 2019, the surgery had still not been scheduled. *Id.* at p. 6.

Tully informed the chief medical officer at Lawrence, Dr. Pittman, that his surgery had not been scheduled, and she told him there was nothing she could do other than to extend his physical therapy. His physical therapy, however, was wrongly scheduled for his back, not his shoulder. *Id.* at pp. 6, 8.

## PRELIMINARY DISMISSAL

As an initial matter, the Court notes that the only allegation against the Director of IDOC, John Baldwin, is that he is ultimately responsible for enforcing inmates' Eighth Amendment right to adequate health care. (Doc. 1, p. 7). A defendant cannot be held liable, however, merely because he or she is an administrator or supervisor. *Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). "[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park,* 430 F.3d 806, 810 (7th Cir. 2005). And so, because Tully is attempting to hold Baldwin liable solely because he is in a supervisory position, he shall be dismissed without prejudice.

## DISCUSSION

Based on the allegations in the Complaint, the Court designates a single claim:

**Count 1:**    Eighth Amendment claim against Wexford Health Source and Dr. Pittman for deliberate indifference to Tully's serious medical needs regarding his injured shoulder.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

Prison officials may be liable for an Eighth Amendment violation if they are "deliberately indifferent to prisoners' serious medical needs." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). A condition is considered sufficiently serious if the failure to treat it could result in the unnecessary and wanton infliction of pain. *See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Additionally, "[d]eliberate indifference may occur where a prison official, having knowledge of a significant risk to inmate health or safety, administers 'blatantly inappropriate' medical treatment, *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007), acts in a manner contrary to the recommendation of specialists, *Arnett*, 658 F.3d at 753, or delays a prisoner's treatment for non-medical reasons, thereby exacerbating his pain and suffering." *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2019)(citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010).

Tully's allegations that Dr. Pittman, despite the recommendations of specialists, was deliberately indifferent to his shoulder injury by failing to ensure he received adequate and timely treatment causing increase pain and reduction in shoulder function is sufficient to survive screening.

The claim does not survive review against Wexford Health Source ("Wexford"). According to the Complaint, Wexford is responsible for approving or denying health care coverage when an inmate needs to see an out of prison specialist and employs Dr. Pittman and Dr. Ritz. Normally, a private corporation is shielded from vicarious liability under Section 1983. *Wilson v.*

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

*Wexford Health Sources, Inc.,* 932 F.3d 513, 521 (7th Cir. 2019).  In the prison context, however, Wexford is presumed to act under color of state law and is thus treated as though it were a municipal entity. *Jackson v. Ill. Medi-Car, Inc.,* 300 F. 3d 760, 766 n. 6 (7th Cir. 2002*). *Wexford can only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. *See Perez,* 792 F.3d at 780 & n. 5.

Here, Tully identifies no specific policy or custom attributable to Wexford, and he cannot rely on a vague allegation that Wexford "has a custom[,] policy[,] or practice of delaying or denying health care." (Doc. 1, p. 7). Tully's failure to identify a concrete policy or affirmative act on the part of Wexford is fatal to his claims against this defendant. *See Olive v. Wexford Corp*., 494 F. App'x 671, 673 (7th Cir. 2012) (allegation that Wexford had a policy of "denying prison inmates adequate medical care" deemed insufficient to support claim against medical corporation).

Count 1 will therefore proceed against Dr. Pittman, but will be dismissed against Wexford Health Source.

### MOTION FOR RECRUITMENT OF COUNSEL

Tully has filed a Motion for Recruitment of Counsel (Doc. 3), which is **DENIED**.[2] Tully discloses six unsuccessful efforts to contact attorneys via written correspondence and includes letters from two law offices declining representation. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action *pro se*, Tully indicates that he is on multiple psychiatric medications for anxiety and depression that interfere with his ability to focus and concentrate. Nonetheless, the Court finds that Tully can proceed *pro se*, at least for now. Tully's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Tully appears competent to try this matter without

---

[2] In evaluating Tully's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

representation at this time. Once discovery has commenced, if Tully has significant difficulty, he may refile his motion.

### WARDEN OF LAWRENCE

Because Tully is seeking injunctive relief, the Clerk shall be **DIRECTED** to add the warden of Lawrence, Dr. Deanna Brookhart, in her official capacity, as a defendant in this action. *See* FED. R. CIV. P. 17(d) & 21; *Gonzalez v. Feinerman,* 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

### DISPOSITION

**IT IS ORDERED** that the **Complaint** (Doc. 1) survives preliminary review pursuant to 28 U.S.C. § 1915A. **COUNT 1** will proceed against **Dr. Pittman** and is **DISMISSED** against **Wexford Health Source**. In addition, the Clerk of Court is **DIRECTED** to add **Warden Dr. Deanna Brookhart** (official capacity only) for the purpose of implementing any injunctive relief that is ordered.

**IT IS FURTHER ORDERD** that, for the reasons stated, **John Baldwin** is **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to terminate **Baldwin** and **Wexford Health Source** from the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS FURTHER ORDERED** that Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **Dr. Pittman** and **Brookhart** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 3), and this Memorandum and Order to each Defendant's

place of employment as identified by Tully. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer be found at the work address provided by Tully, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

**IT IS ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS ORDERED** that if judgment is rendered against Tully, and the judgment includes the payment of costs under Section 1915, Tully will be required to pay the full amount of the costs, whether or not his *in forma pauperis* application is granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Tully is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

      **IT IS SO ORDERED.**

      **DATED: October 2, 2019**

 

 

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**