IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN TULLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  19-cv-820-RJD |
| ) | |
| DR. PITTMAN and DR. DEANNA ) | |
| BROOKHART, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Leave to Amend (Doc. 51), to which Defendant Pittman has filed a response in opposition (Doc. 53). For the reasons set forth below, Plaintiff's motion is **DENIED**.

Plaintiff Brian Tully, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center. More specifically, Plaintiff alleges he was denied adequate medical treatment for a shoulder injury he sustained prior to incarceration. Plaintiff's complaint was screened under 28 U.S.C. § 1915A and he was allowed to proceed on an Eighth Amendment claim against Dr. Pittman for deliberate indifference related to treatment for Plaintiff's injured shoulder. Plaintiff attempted to name Wexford Health Sources, Inc. as a defendant in his original complaint, but the Court dismissed Wexford because Plaintiff failed to identify a specific policy or custom attributable to Wexford. The Court added Warden Brookhart as a defendant in her official capacity only for purposes of injunctive relief.

In his motion to amend, Plaintiff seeks to again name Wexford as a defendant. In his

proposed amended complaint, Plaintiff asserts a Wexford employee approved and authorized a surgery on May 25, 2018, but that Dr. Ritz failed to schedule the surgery. Plaintiff also alleges that Wexford has an unwritten code or policy of denying health care coverage by using cost cutting measures to deny proper medical procedures.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) (quoting *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985)) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence."). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

While Plaintiff's motion to amend is not dilatory or unduly delayed, the Court finds Plaintiff's proposed amendments to be futile. Notably, where a private corporation has contracted to provide essential government services, such as health care for prisoners, the private corporation cannot be held liable under § 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself. *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014); *see also Monell v. Department of Social Services*

*of City of New York*, 436 U.S. 658 (1978).   Here, Plaintiff's allegations are simply too vague and broad to state a claim against Wexford.   The failure of a physician to schedule a surgery does not necessarily support a claim against Wexford insofar as it does not establish a policy or practice of Wexford itself.   Further, Plaintiff fails to tie any particular injury to any specific Wexford policy or practice, including cost cutting measures.   For these reasons, Plaintiff's attempt to add Wexford as a defendant to this action is futile.   The Court also notes Plaintiff failed to include any allegations in his proposed amended complaint against Dr. Pittman.   Thus, if the Court accepted the proposed filing, Dr. Pittman would no longer be a defendant to this action.

For the above-mentioned reasons, Plaintiff's Motion for Leave to Amend (Doc. 51) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 4, 2020**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**