IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN TULLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-820-RJD |
| | ) |
| DR. PITTMAN and DR. DEANNA BROOKHART, | ) |
| | ) |
| | ) |
| Defendants. | ) |

# ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on the Motions for Recruitment of Counsel filed by Plaintiff (Docs. 59 and 62), and the Joint Motion for Sanctions filed by Defendants Pittman and Brookhart (Doc. 66). For the reasons set forth below, the Motions for Recruitment of Counsel are **DENIED**, and the Motion for Sanctions is **GRANTED IN PART AND DENIED IN PART**.

## Background

Plaintiff Brian Tully, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center ("Lawrence"). Plaintiff alleges that he was provided inadequate treatment for his shoulder injury in violation of the Eighth Amendment. He is proceeding on an Eighth Amendment claim against Dr. Pittman for deliberate indifference to his serious medical needs regarding his injured shoulder. Defendant Warden Brookhart is named as a defendant only in her official capacity for purposes of injunctive relief.

On December 23, 2020, attorney Lauren Collins, counsel for Dr. Pittman, properly

noticed Plaintiff's deposition pursuant to Federal Rule of Civil Procedure 30 and mailed a copy of that notice to Plaintiff. Plaintiff's deposition was scheduled via Zoom Video Conference for January 7, 2021. Plaintiff did not object.

Plaintiff appeared for his deposition on January 7, 2021, and provided testimony for several hours. However, prior to the deposition concluding, Plaintiff stated on the record that he was unwilling to proceed without an attorney present. Counsel for Dr. Pittman indicated she had additional questions for Plaintiff, and counsel for Defendant Brookhart was unable to ask any questions prior to Plaintiff discontinuing the deposition.

Defendants filed the joint motion for sanctions pursuant to Rules 30, 37, and 41(b) of the Federal Rules of Civil Procedure for Plaintiff's refusal to fully participate in good faith in his deposition. Defendants ask that this matter be dismissed or, in the alternative, that Plaintiff be assessed costs incurred by Defendants for the deposition and that the discovery deadlines be reset. Relevant to costs, Defendant Pittman seeks reimbursement in the amount of $536.25 for court reporter fees incurred in taking Plaintiff's deposition.

Defendants argue dismissal of Plaintiff's claims is an appropriate sanction in this case under Rule 37(b)(2) for willful failure to fully participate in his deposition. Sanctions under this rule are appropriate when a district court finds that a party failed to comply with a discovery order because of "willfulness, bad faith, or fault." *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Phillips Medial Sys. Int'l, B.V. v. Bruetman*, 982 F.2d 211, 214 (7th Cir.1992) (citing *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1179 (7th Ir. 1987). Defendants argue Plaintiff's behavior here evidenced all three. Plaintiff has not responded to Defendants' motion for sanctions.

Prior to the filing of Defendants' joint motion for sanctions, Plaintiff filed motions for recruitment of counsel. Plaintiff has previously been denied counsel on October 2, 2019 (Doc.

7), January 2, 2020 (Doc. 32), February 26, 2020 (Doc. 43), and June 12, 2020 (Doc. 57). In making these decisions, the Court has routinely determined that Plaintiff is competent to litigate this matter, finding that he is able to relay information to the Court and the claims in this matter are not particularly complex. In his motion for recruitment of counsel filed on January 12, 2021, Plaintiff states that he became overwhelmed during his deposition and felt he needed advice from an attorney. Plaintiff writes that he would like to amend his complaint to add Wexford as a defendant, but does not know how to get this accomplished. Plaintiff further indicates that he has asked the Court for an attorney several times, but does not remember receiving any order from the Court as to these requests.

First, the Court reiterates Plaintiff has no constitutional or statutory right to counsel in federal civil litigation. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). The Court has again reviewed Plaintiff's pleadings and finds that Plaintiff's ability to engage the Court and opposing counsel demonstrate his ability to litigate this matter. The Court has also reviewed Plaintiff's deposition transcript (Doc. 76-1) and finds that Plaintiff appeared to understand the proceedings and answer questions cogently until he abruptly determined he would no longer continue without an attorney present. Based on the Court's assessment of Plaintiff's skills, his requests for recruitment of counsel are **DENIED**.

## Discussion

Rule 30 of the Federal Rules of Civil Procedure governs the manner in which depositions will occur. The Rule provides that "[t]he examination and cross-examination of a deponent proceed as they would at trial …" and that while objections may be noted, "the examination still proceeds; the testimony is taken subject to any objection." FED. R. CIV. P. 30(c)(1) and (2). There are only three instances when a deponent may not answer a question: (1) when it is necessary to preserve a privilege; (2) when the Court has imposed a limitation; or (3) when the

party intends to file a Rule 30(d)(3) motion. *Id.* at 30(c)(2). A Rule 30(d)(3) motion can be filed to terminate a deposition if it is conducted in bad faith or if it is conducted in a manner "that unreasonably annoys, embarrasses, or oppresses the deponent or party." If a deponent "impedes, delays, or frustrates the fair examination," this Court may impose sanctions including reasonable attorney fees and costs. *Id*. at 30(d)(2).

A case may be dismissed pursuant to Rule 37 of the Federal Rules of Civil Procedure when the Court finds "willfulness, bad faith or fault on the part of the defaulting party." *Brown v. Columbia Sussex Corp*., 664 F.3d 182, 190 (7th Cir. 2011). However, the sanction of dismissal must be "proportionate to the circumstances." *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009).

In this case, while Plaintiff failed to comply with Rule 30 and the Court's Order directing his cooperation at his deposition, his conduct does not necessitate the severe sanction of dismissal at this time. The Court has also determined that in light of Plaintiff's financial status (he is proceeding in this action *in forma pauperis*), a monetary fine would be an ineffective and cumbersome sanction that may unduly delay this matter. Further, much of the court reporter fee of $536.25 resulted in deposition testimony and a transcript that can be used in these proceedings. Based on these circumstances, the following is hereby **ORDERED**:

> Defendants are **GRANTED** leave to reschedule and complete the deposition of Plaintiff. Plaintiff is **INSTRUCTED** to respond to each and every deposition question directly and fully. Plaintiff is **WARNED** that his failure to comply with Rule 30 and offer complete answers to each deposition question **SHALL** result in dismissal of this action.

1. Plaintiff's deposition shall be completed by **April 30, 2021**.

2. Defendant Brookhart shall file any dispositive motion by **May 28, 2021**, and, if necessary, Defendant Pittman shall move to supplement her dispositive motion by **May 28, 2021**.

**IT IS SO ORDERED.**

**DATED:  March 30, 2021**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**